UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IESHA MAYO,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**
22-MC-01829 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Petitioner filed a motion to expunge her conviction in this District from August 2006. *See* ECF No. 1. The United States has opposed Petitioner's motion, and Petitioner has failed to submit a reply brief according to the deadline established by the Court's scheduling order. *See* ECF Nos. 3, 5, 6. Since the Court clearly lacks jurisdiction to grant the relief Petitioner seeks, as further explained below, the Court denies Petitioner's motion without providing her an additional opportunity to submit reply papers.

    Petitioner was indicted on February 1, 2005 for: (i) conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846, and (ii) distributing cocaine base within 1,000 feet of an elementary school in violation of 21 U.S.C. §§ 841 and 860. *United States v. Mayo*, No. 05-cr-43 (E.D.N.Y.) (ECF No. 98). She pleaded guilty to the conspiracy charge and was sentenced by then-Judge Gleeson on August 4, 2006, to the time she had already served while detained and five years of supervised release. *Id.* (ECF Nos. 174, 282, 283). At that time, the United States dismissed the remaining charge against her. *Id.* (ECF No. 282). Petitioner has asked the Court to expunge her conviction in light of her relative youth at the time of her offense and because it has interfered with her ability to obtain work. ECF No. 1 at 1.

The Second Circuit has expressly held that although federal courts may have limited jurisdiction to seal arrest records when criminal charges have subsequently been dismissed, they do not have jurisdiction to expunge or seal the records of valid criminal convictions. *Doe v. United States*, 833 F.3d 192, 197 (2d Cir. 2016). "Following *Doe*, district courts have repeatedly held that they do not have subject matter jurisdiction or ancillary jurisdiction to seal or expunge a valid conviction record unless specifically authorized by Congress." *Yearwood v. United States*, No. 18-mc-1835, 2022 WL 4662091, at *1 (E.D.N.Y. Sept. 30, 2022) (internal quotation marks omitted). This is especially true where, as here, Petitioner's sentence has "already concluded," and she "fails to allege that [her] conviction is invalid." *Smith v. United States*, No. 22-mc-931, 2022 WL 2612341, at *1 (E.D.N.Y. June 24, 2022). The fact that Petitioner's conviction has hindered her from finding employment does not change this outcome. *See Doe*, 833 F.3d at 199 (dismissing for lack of jurisdiction despite recognizing that the "collateral employment consequences [petitioner] faces today arise from the very fact of her conviction"); *Yearwood*, 2022 WL 4662091, at *2 (denying motion for lack of jurisdiction despite recognizing that petitioner "ha[d] provided equitable reasons for expunging her record of conviction").

Congress has specifically authorized federal courts to expunge convictions in very narrow circumstances for youthful offenders convicted of simple possession of various illegal drugs. *Doe*, 833 F.3d at 199 (citing 18 U.S.C. § 3607). That authority does not, however, extend to the offense of conspiring to distribute drugs for which Petitioner was convicted. *See* 18 U.S.C. § 3607; 21 U.S.C. § 844. Until Congress confers additional jurisdiction to expunge past federal convictions on the courts, the Court is unable to act on requests like Petitioner's, no matter how deserving of relief any petitioner might be.

## **CONCLUSION**

The Court denies Petitioner's motion to expunge the records of her conviction, *see* ECF No. 1, for lack of jurisdiction for the reasons explained above. The Clerk of Court is respectfully directed to close this case and to mail a copy of this Order to the *pro se* Petitioner.

SO ORDERED.

                                                  */s/ Hector Gonzalez*
                                                  HECTOR GONZALEZ
                                                  United States District Judge

Dated: Brooklyn, New York
         October 24, 2022